# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Carolyne Glenn and**

**George Glenn**

CIVIL ACTION
NUMBER:

18 C 01152 - 4

PLAINTIFF

VS.

**Wal-Mart Stores East, LP,**

**Wal-Mart Stores, Inc., Rick**

**Bartlett, and John Does 1-10**

DEFENDANT

## SUMMONS

Wal-Mart Stores East, LP c/o CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

James E. Douglas, Jr.
Childers, Schlueter & Smith, LLC
1932 North Druid Hills Road, Suite 100
Atlanta, GA 30319

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _13_ day of _February_, 20 _18_.

Richard T. Alexander, Jr.,
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011



DEFENDANT'S
EXHIBIT
B

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CAROLYNE GLENN, and
GEORGE GLENN,

    Plaintiffs,

    v.

WAL-MART STORES EAST, LP, WAL-
MART STORES, INC., RICK BARTLETT,
and JOHN DOES 1-10,

    Defendants.

CIVIL ACTION
FILE NO.:

**18 C 01152 - 4**

**JURY TRIAL DEMANDED**

RICHARD ALEXANDER, CLERK

2018 FEB 13 AM 8: 16

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

## COMPLAINT

COME NOW Plaintiffs, by and through counsel, and hereby file this Complaint and Demand

for Jury Trial and respectfully show this honorable Court the following:

### PARTIES AND JURISDICTION

1.

Plaintiffs CAROLYNE and GEORGE GLENN are citizens and residents of the State of

Georgia and are subject to the jurisdiction of this court.

2.

Defendant WAL-MART STORES EAST, LP is a foreign limited partnership authorized

to do business in the State of Georgia and is subject to the jurisdiction and venue of this Court.

Defendant's Registered Agent, CT Corporation System is located at 289 S. Culver Street,

Lawrenceville, Gwinnett County, Georgia and may be served with a copy of the Summons and

Complaint at that address.

Page 1

3.

Defendant WAL-MART STORES, INC. is a foreign profit corporation authorized to do business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Defendant's Registered Agent, CT Corporation System is located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia and may be served with a copy of the Summons and Complaint at that address.

4.

Defendant RICK BARTLETT is a resident of Whitfield County, Georgia, and is subject to the jurisdiction and venue of this Court. Defendant Barlett's last known address is 706 Lenna Lane, Dalton, Georgia and may be served with a copy of the Summons and Complaint at that address.

5.

Plaintiff is informed that and believes and thereon alleges that each of JOHN DOES 1-10 are in some way liable for the events referred to in the Complaint for Damages and caused damage to Plaintiffs. JOHN DOES 1-10 include, but are not limited to, the agents, employees, employers, owners, operators, and managers of Defendants, not specifically named, which caused or contributed to the injuries of Plaintiffs. Plaintiffs will amend their Complaint and insert the correct names, entities and capacities of the JOHN DOES 1-10 Defendants when they are discovered.

## STATEMENT OF FACTS

6.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 5 above as if fully restated.

7.

On November 19, 2016, Plaintiff Carolyn Glenn was an invitee at the Walmart Store located at 2545 E. Walnut Avenue, Dalton, Georgia.

8.

Plaintiff Carolyne Glenn slipped and fell on a liquid substance on the floor near the checkout/optical area of the store.

9.

Defendants had exclusive ownership, possession, control, and management over the Walmart Store in Dalton, Georgia.

10.

As a result of Plaintiff's fall, she suffered a broken femur and other personal injuries.

**COUNT I: PREMISES LIABILITY**

11.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Plaintiff Carolyne Glenn was an invitee on the premises at the time of the fall.

13.

Defendants owed a nondelegable duty of reasonable care in keeping thepremises safe for invitees such as Plaintiff.

14.

Page 3

Defendants were negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor, and in failing to keep the premises safe for invitees.

## COUNT II: VICARIOUS LIABILITY

### 15.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

### 16.

At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by Defendants and were acting within the scope of their employment.

### 17.

Defendants are responsible for the conduct of these individuals under the doctrine of respondeat superior, agency, or apparent agency.

## COUNT III: NEGLIGENT TRAINING & SUPERVISION

### 18.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

### 19.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning, and maintenance were performed on the premises and

in failing to train its employees concerning safety procedures for inspecting, cleaning, and maintaining the premises.

20.

Defendants were negligent in training and supervising their staff.

21.

As a result of Defendants' negligence in training and supervising their employees, Plaintiff was injured on the premises.

## COUNT IV: LOSS OF CONSORTIUM

22.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

23.

Plaintiff George Glenn was and is the lawful spouse of Plaintiff Carolyne Glenn.

24.

Prior to the injury suffered by his spouse, as a result of the negligence of the Defendants, Plaintiff Carolyne Glenn was a healthy, well and able-bodied person.

25.

As a proximate result of the Defendants' negligence, individually, Plaintiff George Glenn has suffered a loss of the consortium he formerly enjoyed with his spouse, including their unimpaired aid, assistance, comfort, society, companionship, company, love and conjugal fellowship and will have a loss of this consortium in the future.

Wherefore, Plaintiffs pray that they have a trial on all issues and judgment against the Defendants as follows:

a) That Plaintiff Carolyne Glenn recover the full value of past and future medical expenses in amount to be proven at trial, which, are in excess of $70,000.00 at this time;

b) That Plaintiff Carolyne Glenn recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlighten conscience of the jury;

c) That Plaintiff George Glenn recover for his loss of consortium in amounts to be proven at trial and in amounts to be determined by the enlightened conscience of the jury;

d) That Plaintiffs recover such other and further relief as is just and proper; and

e) That all issues be tried before a jury.

Respectfully submitted this _12_<sup>th</sup> day of _February_, 2018.

James E. Douglas, Jr.
Georgia Bar No.: 124908
*Attorney for Plaintiffs*

**CHILDERS, SCHLUETER & SMITH, LLC**
1932 N. Druid Hills Road, NE
Atlanta, GA 30319
T: (404) 419-9500
F: (404) 419-9501
E: jdouglas@cssfirm.com

Page 6

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CAROLYNE GLENN AND GEORGE GLENN,　　Civil Action File No.
18-C-01152-4

　　　　　Plaintiffs,

v.

WAL-MART STORES EAST, LP.,
WAL-MART STORES, INC.,
RICK BARTLETT AND
JOHN DOES 1-10,

　　　　　Defendants.
_____/

### ANSWER OF DEFENDANTS WAL-MART STORES EAST, LP, WAL-MART STORES, INC., AND RICK BARTLETT

COME NOW, Defendants WAL-MART STORES EAST, LP, WAL-MART STORES, INC., and RICK BARTLETT and make this Answer to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

Wal-Mart Stores, Inc. is not a proper Defendant.

### SECOND DEFENSE

Venue is not proper as to Rick Bartlett.

### THIRD DEFENSE

Jurisdiction is not proper as to Rick Bartlett.

Page -1-

## FOURTH DEFENSE

Plaintiffs' claims are barred by insufficiency of service and insufficiency of process as to Rick Bartlett.

## FIFTH DEFENSE

John Does 1-10 are not proper Defendants.

## SIXTH DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted.

## SEVENTH DEFENSE

Plaintiffs' alleged damages, if any, were directly and proximately caused by Plaintiffs' own contributory negligence and failure to exercise ordinary care.

## EIGHTH DEFENSE

Plaintiff Carolyne Glenn was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiffs are not entitled to recover from Defendants.

## NINTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or

damage alleged to have been sustained by Plaintiffs.

## TENTH DEFENSE

Plaintiffs assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

## ELEVENTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiffs' Complaint as follows:

1.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2.

Defendants deny the allegations contained in paragraph 2 of Plaintiffs' Complaint.  Jurisdiction and venue are now proper in the United States District Court.

3.

Defendants deny the allegations contained in paragraph 3 of Plaintiffs' Complaint.  Jurisdiction and venue are now proper in the United States District Court.

4.

Defendants deny the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.

Defendants deny the allegations contained in paragraph 5 of the Plaintiffs' Complaint.

6.

Defendants reallege and incorporate herein their answers contained in paragraphs 1 through 5 as if fully restated.

7.

Defendant Wal-Mart Stores East, LP lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 7 of Plaintiffs' Complaint.  Plaintiff was not an invitee of Wal-Mart Stores, Inc. or Rick Bartlett.

8.

Defendants deny the allegations contained in paragraph 8 of the Plaintiffs' Complaint.

9.

Defendants  admit only that Wal-Mart Stores East, LP operated the subject

store.   The remaining allegations contained in paragraph 9 of the Plaintiffs' Complaint are denied.

10.

Defendants deny denies the allegations contained in paragraph 10 of the Plaintiffs' Complaint.

"Count 1:  Premises Liability"

11.

Defendants reallege and incorporate herein their answers contained in paragraphs 1 through 10 as if fully restated.

12.

Defendant Wal-Mart Stores East, LP lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 12 of Plaintiffs' Complaint.  Plaintiff was not an invitee of Wal-Mart Stores, Inc. or Rick Bartlett.

13.

Defendants deny the allegations contained in paragraph 13 of Plaintiffs' Complaint, as stated.  The applicable statute and case law speak for themselves.

14.

Defendants deny the allegations contained in paragraph 14 of Plaintiffs' Complaint.

"Count II:  Vicarious Liability"

15.

Defendants reallege and incorporate herein their answers contained in paragraphs 1 through 14 as if fully restated.

16.

Defendants deny the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of Plaintiffs' Complaint.

"Count III:  Negligent Training & Supervision"

18.

Defendants reallege and incorporate herein their answers contained in paragraphs 1 through 17 as if fully restated.

19.

Defendants deny the allegations contained in paragraph 19 of Plaintiffs'

Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Complaint.

"Count IV:  Loss of Consortium"

22.

Defendants reallege and incorporate herein their answers contained in paragraphs 1 through 21 as if fully restated.

23.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.

Defendants deny the allegations contained in paragraph 24 of Plaintiffs' Complaint, as stated.

25.

Defendants deny the allegations contained in paragraph 25 of Plaintiffs'

Complaint.

26.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

27.

Defendants deny Plaintiffs' prayer for relief, including subparagraphs a), b), c), d) and e) thereof.

WHEREFORE, Defendants pray that Plaintiffs' Complaint be dismissed with all costs cast upon the Plaintiffs.  DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

Howard M. Lessinger
Georgia Bar No. 447088

Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendants
WAL-MART STORES EAST, LP
WAL-MART STORES, INC.
RICK BARTLETT

Page -8-

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, LP, WAL-MART STORES, INC. and RICK BARTLETT has this day been served upon opposing counsel, by placing same in the United States Mail, postage prepaid, and addressed as follows:

James E. Douglas, Jr.
Childers, Schlueter & Smith, LLC
1932 North Druid Hills Road
Suite 100
Atlanta, GA  30319

This the ___ day of March, 2018.

McLAIN & MERRITT, P.C.

Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
WAL-MART STORES EAST, LP
WAL-MART STORES, INC.
RICK BARTLETT

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -10-